of error coram nobis denied. Present—Scudder, P.J., Centra, Fahey and Sconiers, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL R. ESCALERA, Appellant. [959 NYS2d 86]—Motion for writ of error coram nobis denied. Present—Smith, J.P., Centra, Peradotto, Lindley and Valentino, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. SCOTT, Appellant. [959 NYS2d 86]—Motion for writ of error coram nobis denied. Present—Scudder, P.J., Fahey, Valentino, Whalen and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL SALADEEN, Appellant. [959 NYS2d 86]—Motion for writ of error coram nobis denied. Present—Scudder, P.J., Smith, Centra, Valentino and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BRIDGEFOURTH, Appellant. (Appeal No. 1.) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BRIDGEFOURTH, Appellant. (Appeal No. 2.) [959 NYS2d 86]—Motion for writ of error coram nobis denied. Present—Smith, J.P., Centra, Carni, Lindley and Valentino, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER L. POOLE, Appellant. (Appeal No. 1.) [959 NYS2d 85]—Motion for reargument and leave to appeal to the Court of Appeals denied. Present—Smith, J.P., Fahey, Peradotto, Sconiers and Whalen, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY MILLER, Appellant. [958 NYS2d 643]—Motion for writ of error coram nobis denied. Present—Scudder, P.J., Centra, Lindley, Valentino and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER JAMISON, Appellant. (Appeal No. 1.) [959 NYS2d 86]—Motion for writ of error coram nobis denied. Present— Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KUMAR S. JONES, Also Known as QUMAR JONES, Also Known as JESUS, Appellant. [959 NYS2d 86]—Motion for writ of error coram nobis denied. Present—Scudder, P.J., Smith, Carni and Whalen, JJ.

■ DANIEL WILLIAMS et al., Appellants, v BEEMILLER, INC., Doing Business as HI-POINT, et al., Respondents, et al., Defend-

ants. (Appeal No. 1.) [959 NYS2d 85]—Motions for leave to appeal to the Court of Appeals denied. Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

■ DANIEL WILLIAMS et al., Appellants, v BEEMILLER, INC., Doing Business as HI-POINT, et al., Respondents, et al., Defendants. (Appeal No. 1.) [962 NYS2d 834]—Motion for reargument is granted in part and, upon reargument, the opinion and order entered October 5, 2012 (100 AD3d 143 [2012]) is amended by adding the following section after section III:

## IV

We reject the alternative contention of MKS in support of affirmance that plaintiffs failed to state a cause of action for common-law negligence or public nuisance under New York law (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]). With respect to the common-law negligence cause of action, although " '[a] defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others' " (*Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 233 [2001], quoting *D'Amico v Christie*, 71 NY2d 76, 88 [1987]), "[a] duty may arise . . . where there is a relationship . . . between defendant and a third-person tortfeasor that encompasses defendant's actual control of the third person's actions" (*id.*). In *Hamilton*, the Court of Appeals determined that no such relationship existed because the plaintiffs were unable to draw any connection between specific gun manufacturers and the criminal wrongdoers (*id.* at 233-234). Indeed, Stephen Fox, one of the plaintiffs in *Hamilton*, did not know the source of the gun used to shoot him, and thus plaintiffs were unable to show "that the gun used to harm plaintiff Fox came from a source amenable to the exercise of any duty of care that plaintiffs would impose upon defendant manufacturers" (*id.* at 234). Here, by contrast, plaintiffs have alleged that defendants sold the specific gun used to shoot plaintiff to an unlawful straw purchaser for trafficking into the criminal market, and that defendants were aware that the straw purchaser was acting as a conduit to the criminal gun market. Thus, unlike in *Hamilton*, plaintiffs have sufficiently alleged that defendants "were a direct link in the causal chain that resulted in plaintiffs' injuries, and that defendants were realistically in a position to prevent the wrongs" (*id.*).

Further, Caldwell's intervening criminal act does not necessarily sever the causal connection between the alleged negligence of defendants and plaintiff's injury (*see Earsing v Nelson*, 212 AD2d 66, 70 [1995]). Rather, "liability turns upon whether the